Dwyer v Dwyer (2025 NY Slip Op 00909)

Dwyer v Dwyer

2025 NY Slip Op 00909

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 309188/13 Appeal No. 3725 Case No. 2024-02138 

[*1]Daniel C. Dwyer, Plaintiff-Appellant,
v
Gina Dwyer, Defendant-Respondent.

Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellant.
Mauro Lilling Naparty LLP, Woodbury (Matthew W. Naparty of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered March 1, 2024, which, to the extent appealed from, granted defendant wife's cross-motion to set an asset valuation cutoff date of August 10, 2023, unanimously reversed, on the law, without costs, the motion denied, and the valuation date is set as August 1, 2013, the date plaintiff husband filed for divorce.
The parties do not dispute the validity and enforceability of the premarital agreement, which was entered into while each party was represented by counsel and there are no intimations of fraud, duress, or overreaching. "[A] duly executed prenuptial agreement is given the same presumption of legality as any other contract" (Gottlieb v Gottlieb, 138 AD3d 30, 36 [1st Dept 2016], lv dismissed 27 NY3d 1125 [2016]), and if the terms of a contract are clear and unambiguous, the intent of the parties should be determined from what is expressed in writing (see Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008]). Thus, the premarital agreement's unambiguous terms, which specifically set a trigger event for determination of the parties' interest in appreciation in value of premarital property as of the date of the parties' separation or pending divorce, must be observed. Although this will likely result in a greater financial disparity than if the trigger date was the date set by the motion court, "any such inequality is simply not a basis for vitiating their freely-negotiated agreement" (Gottlieb v Gottlieb, 138 AD3d at 42; see also Barocas v Barocas, 94 AD3d 551, 551 [1st Dept 2012], appeal dismissed 19 NY3d 993 [2012]). Accordingly, the operative date is the date plaintiff husband filed for divorce, or August 1, 2013.
We have considered defendant wife's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025